IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOCK MCNEELY,

      Petitioner,                 No. CIV S-09-2454 KJM P

    vs.

JOHN McGINNESS,

      Respondents.            ORDER

_____/

        When petitioner filed this habeas action, he was a county jail inmate challenging a prosecution pending against him. On September 21, 2009, this court dismissed the action, finding it duplicative of other cases filed in this court. Petitioner has now filed a motion to set aside the judgment under Rule 60(b)(4) of the Federal Rules of Civil Procedure.

        "[B]efore a judgment may be deemed void within the meaning of the rule [60(b)(4)], 'it must be determined that the rendering court was powerless to enter it.'" Combs v. Nick Garin Trucking, 825 F.2d 437, 443 (D.C. Cir. 1987). Petitioner takes issue with this court's reasoning, but does not demonstrate that it lacked the power to enter the judgment in this case.

        The gravamen of petitioner's habeas petition and the current motion is that the Ninth Circuit's decision in McNeely v. Blanas, 336 F.3d 822 (9th Cir. 2003), and an order issued

by Judge Levi in <u>McNeely v. Bonner</u>, Civ. No. S-04-1215 PAN DFL P, render the Sacramento County prosecution pursued in Case No. 07F09282 invalid.

This court dismissed the petition, finding that the action was duplicative of <u>McNeely v. McGinness</u>, Civ. No. S-09-2375 JAM DAD P and <u>McNeely v. McGinness</u>, Civ. No. S-08-0175 LEW JFM P. Although petitioner suggests those two judgments are also void, his claims have no merit.

In <u>McNeely v. McGinness</u>, Civ. No. S-09-2375 JAM DAD P, petitioner alleged that the prosecution in Case No. 07F09282 was based on a prior conviction found invalid by <u>McNeely v. Blanas,</u> <u>supra</u>, and violated the holding of that case. The magistrate judge rejected claims, noting the current Sacramento County prosecution was based on petitioner's failures to register as a sex offender in 2006 and 2007, and that the Ninth Circuit did not address, much less invalidate, the 1995 Placer County conviction that imposed the registration requirement. <u>See</u> Civ. No. S-09-2375 JAM DAD P, Docket No. 24 at 3.

In <u>McNeely v. McGinness</u>, Civ. No. S-08-0175 LEW JFM P, petitioner argued that the prosecution in Case No. 07F09282 was barred because of the Ninth Circuit's opinion, a claim the Magistrate Judge, the District Judge and the Ninth Circuit have rejected. <u>See</u> Civ. No. S-08-0175 LEW JFM P, Docket Nos. 7, 9 & 28.

The instant petition packages the attacks somewhat differently, but in essence presents the same challenges to Case No. 07F09282. Petitioner does add a claim based on <u>McNeely v. Bonner</u>, Civ. No. S-04-1215 DFL PAN P; in that case, Judge Levi granted a writ challenging Placer County's attempt to violate petitioner's probation stemming from the 1995 conviction. Judge Levi found that Placer County had violated petitioner's right to a speedy revocation hearing, but did not invalidate petitioner's 1995 conviction. To the extent petitioner suggests Judge Levi's order somehow renders his current prosecution for failure to register invalid, he is wrong. <u>See</u> Civ. No. S-04-1215 DFL PAN P, Docket No. 49.

/////

1  No matter how petitioner attempts to present the issues, they have been or could
2  have been presented in the earlier petitions and, as explained in both those earlier cases, lack
3  merit. Nothing in any of the rulings stemming from proceedings against petitioner in 1998
4  negated the 1995 Placer County conviction with its requirement that petitioner register as a sex
5  offender, or erected any sort of bar to a prosecution for petitioner's failure to comply with the
6  registration requirements.

7  Finally, the docket in Case No. 07F09282 shows petitioner was sentenced on
8  September 18, 2009. To attack this conviction, he must first exhaust his state remedies.

9  IT IS THEREFORE ORDERED that:

10  1. Petitioner's motion to set aside the judgment (docket no. 8) is denied; and

11  2. The court will not entertain further motions in this closed case.

12  DATED: October 20, 2009.

_____
U.S. MAGISTRATE JUDGE

2

mcne.60(b)